UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE RICARDO HARRIS, *Pro Se*, | ) | Case Nos.: 1:10 CV 1513 |
| | ) | 1:00 CR 294 |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

This case is before the court on Petitioner Andre Ricardo Harris's ("Petitioner") Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 111). Respondent United States of America ("Respondent") opposed Petitioner's Motion to Vacate (ECF No. 113). For the following reasons, the court denies Petitioner's Motion.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was indicted for two counts of bank robbery and for two counts of brandishing a firearm during the commission of a crime of violence on July 11, 2000. (Indictment, ECF No 1.) Petitioner pled guilty to the two counts of bank robbery and to one count of brandishing a firearm. (Minutes, ECF No. 41.) On December 13, 2000, Petitioner was sentenced to 110 months of imprisonment on each of the bank robbery counts, to run concurrently, and to seven years on the brandishing a firearm during the commission of a crime of violence count, to run consecutive to the 110 month-sentence for bank robbery. This court also imposed four years of supervised release and

ordered Petitioner to pay $30,925 in restitution and a special assessment of $300. (Judgment, ECF No. 54.)

Petitioner did not appeal his sentence. On July 8, 2010, Petitioner filed the present Motion to Vacate under 28 U.S.C. § 2255. Petitioner argues that, pursuant to the recently-decided case of *State v. Singleton*, 920 N.E.2d 958 (Ohio 2009), one of his state-court convictions "is void ab initio" because the state-court sentencing judge failed to articulate the terms of his post-control release. (2255 Motion, ECF No. 111, at p. 2.) Although Petitioner does not argue the significance of this assertion, the court assumes that Petitioner is trying to argue that his state-court conviction was improperly considered by this court during sentencing because the state-court conviction was void.

## II. LAW AND ANALYSIS

### A. Motion is Untimely

Section 2255 Motions must be filed within one year of the finalization of a petitioner's conviction. 28 U.S.C. § 2255(f)(1). This court sentenced Petitioner and issued judgment on December 18, 2000. Petitioner did not appeal his conviction. Petitioner's § 2255 Motion was filed on July 8, 2010, well beyond the one-year statute of limitations.

A petitioner can receive a new limitations period under AEDPA of "one year from the vacatur of a state court conviction used to enhance a federal sentence" if the petitioner exercised "'due diligence' in seeking to overturn the state conviction." *Watt v. Untied States*, 162 F. App'x 486, 504 (6th Cir. 2006) (quoting *Johnson v. United States*, 544 U.S. 295, 310 (2005)). However, in this case, Harris has not shown that any state-court conviction was ever vacated. Therefore, the initial one-year statute applies, and Harris's Motion is untimely.

## B. *Singleton* Does Not Apply

In any event, Petitioner's claim fails on the merits because he has not shown that the Ohio Supreme Court's decision in *Singleton*, 920 N.E.2d at 958, applies to any of his state-court convictions. The court in *Singleton* explained the process for remedying state-court sentences that did not properly impose postrelease controls. It held that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control," a *de novo* sentencing procedure should be followed. *Singleton*, 920 N.E.2d at 964. For criminal sentences imposed on or after July 11, 2006, in which a trial court failed to properly impose postrelease control, the resentencing process must comport with O.R.C. § 2929.191. *Id*. at 174. That provision permits "trial courts ... after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, [to] correct an original judgment of conviction by placing on the journal of the court a nunc pro tunc entry that includes a statement that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term of up to one-half of the stated prison term originally imposed if the offender violates postrelease control." *Singleton*, 920 N.E.2d at 963. Finally, the court explained that this resentencing process does not apply to people who have already completed their state-court sentences. *Id*. at 177-78.

A defendant must first have his conviction declared void through state court proceedings before challenging the use of the conviction in federal court. *Watt v. United States*, 162 F. App'x 486, 493 (6th Cir. 2006) (A defendant must first attack his state conviction in state court, and only if he does so successfully can he file a § 2255 motion requesting a reopening of a federal sentence enhanced by the state conviction). *See also Custis v. United States*, 511 U.S.

485, 497 (1994).

Harris provides no information to support a finding that the state court did not properly sentence him to postrelease control. In fact, Harris does not explain what state-court sentence he alleges is void. Harris does attach a portion of his pre-sentence investigation report as Exhibit B to his Petition. (ECF No. 111-2.) Harris had four adult convictions: (1) Aggravated Disorderly Conduct; (2) Open Container; (3) Possession of Cocaine; and (4) Drug Abuse and Assault on a Police Officer. Harris does not explain in which, if any, of these sentences a court failed to properly explain postrelease controls. Without proof that Harris's state-court convictions are void, this court cannot resentence him.[1]

Furthermore, Petitioner argues that his prior state conviction is "void ab initio." The court in *Singleton* never mentions this term of art. Regardless of the terminology used, "absent an adjudication in a state court that a particular conviction is void, [a federal court] must characterize any challenge as a collateral challenge." *United States v. Fowler*, No. 5:10CR55, 2010 WL 2756942, *3 (N.D. Ohio July 12, 2010). As stated in *Daniels v. United States*, 532 U.S. 374, 382 (2001):

> ("If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so

---

[1] Harris also does not state whether he has already served his allegedly void state-court sentence. If a person has already served his or her state-court sentence that did not sufficiently articulate postrelease controls, then *State v. Bloomer*, 909 N.E.2d 1254 (Ohio 2009), applies. The court stated that, "once an offender has completed the prison term imposed in his original sentence, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." The court in *Bloomer* consequently discharged defendant Barnes.

- 4 -

unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.").

Petitioner's Motion must be denied as he has not shown that his conviction is open to attack or that he has moved in an appropriate state court proceeding to have his sentence declared void.

### III. CONCLUSION

The court hereby denies Petitioner's Motion to Vacate Sentence (ECF No. 111) because Petitioner's Motion is untimely and because he cannot properly rely on *State v. Singleton*, 920 N.E.2d 958 (Ohio 2009). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 29, 2011